HERRERA-CHACON v. STATE
2023 OK 52
Case Number: 120985
Decided: 05/01/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 52, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

CARLOS HERRERA-CHACON, Appellant,
v.
STATE OF OKLAHOMA, ex rel. SERVICE OKLAHOMA, Appellee.
ORDER
¶1 Appellant's Motion to strike Appellee's Answer Brief for lack of standing is hereby denied.
¶2 Through legislation effective May 19, 2022, the Legislature created a new division of the Office of Management and Enterprise Services named Service Oklahoma. The Legislature fully transferred all the powers, duties, and responsibilities previously exercised by the Driver License Services Division of the Department of Public Safety to Service Oklahoma. All employees of the Driver License Services Division of the Department were transferred to Service Oklahoma as well. . See Laws 2022, c. 282, § 1, emerg. eff. May 19, 2022.
¶3 Numerous statutes were amended in conjunction to reflect the transition of these duties and powers of the Department to Service Oklahoma. , which provides for the right to appeal a driver license revocation, suspension, cancellation, or denial to the district court, was amended. References to "the Department" were stricken and replaced with "Service Oklahoma." Laws 2022, HB 3419, c. 282, § 72, emerg. eff. May 19, 2022.
¶4 However, a second version of was enacted into law during the second regular legislative session which became effective November 1, 2022. Laws 2022, SB 366, c. 376, § 2, eff. November 1, 2022. In this version, references to the Department were not removed. New language was added retaining references to the Department.
¶5 Appellant takes the position that through enacting this second version of , which references the Department, the Legislature did not intend to transfer the Department's appeals and revocations duties to Service Oklahoma as those duties relate to persons operating or being in actual physical control of a motor vehicle while under the influence of intoxicants.
¶6 Appellant reasons that certain statutes cited in the second version of relating to persons operating or being in actual physical control of a motor vehicle while under the influence of intoxicants also retain references to the Department and omit references to Service Oklahoma. Appellant further argues that since the aforementioned duties and powers were not transferred to Service Oklahoma they remain with the Department, thus Service Oklahoma has no standing to defend this appeal as Service Oklahoma is not the real party in interest.
¶7 The Court does not agree. The primary goal of statutory construction is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language. American Airlines, Inc. v. State ex rel. Oklahoma Tax Commission, , ¶ 33, . To do this, we first look to the language of the statute. Rickard v. Coulimore, , 5, , 923. If the statutory language is clear and unambiguous, this Court must apply the plain and ordinary meaning of the words. Id. (citing ). Only when the legislative intent cannot be determined from the statutory language due to ambiguity or conflict should rules of statutory construction be employed. Rickard, , 5, 505 P.3d at 923.
¶8 Where a statute's meaning is uncertain it is to be given a reasonable construction, one that will avoid an absurd result if this can be done without violating legislative intent. Odom v. Penske Truck Leasing Co., , ¶ 35, . Different provisions in an Act may be considered together with other enactments on the same subject to resolve ambiguities. American Airlines, at ¶ 33. Conflicts between statutory provisions will be resolved in favor of a construction which promotes, rather than limits, the Legislature's intent and an act's purpose. Oklahoma Ass'n of Broadcasters, Inc. v. City of Norman, , ¶ 27, .
¶9 The plain language in establishes the Legislature's intent to fully transfer all the powers, duties, and responsibilities of the Driver License Services Division of the Department to Service Oklahoma, without exception. All employees whose duties were transferred under the Act were transferred to Service Oklahoma, without exception. At the same time, the plain language in the second version of and the statutes cited therein continue to contemplate the Driver License Services Division of the Department's role in driver license revocations and appeals in implied consent cases. However, those powers, duties, and responsibilities were transferred from the Driver License Services Division of the Department to Service Oklahoma by . Clearly, there are conflicts and inconsistencies between the statutory provisions.
¶10 As a result, rules of statutory construction must be employed. We are to construe in a manner that avoids an absurd result and gives effect to the intent of the Legislature. It would be absurd to construe to mean that the Driver License Services Division of the Department continues to have powers, duties, and responsibilities over driver license revocations and appeals in implied consent cases when the Driver License Services Division of the Department no longer exists. We are to construe in a manner that promotes the Legislature's intent, which, clearly, was to transfer all the powers, duties, and responsibilities of the Driver License Services Division of the Department to Service Oklahoma, pursuant to .
¶11 Based on the foregoing, the Court concludes that certain references to the Department which were not removed from the second version of must be deemed the result of an unintentional oversight, rather than the Legislature's intent to carve out an exception for implied consent cases.
¶12 Based on the foregoing, Appellee Service Oklahoma has standing to appear and defend the State of Oklahoma in this Cause.
¶13 Appellant's Motion to strike Appellee's Answer Brief for lack of standing is hereby denied.
¶14 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 1ST DAY OF MAY, 2023.
/S/CHIEF JUSTICE
Kane, C.J., Kauger, Winchester, Edmondson, Darby and Kuehn, JJ., concur;
Rowe, V.C.J. and Gurich, J., dissent;
Combs, J., concurs in result.